ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
4  Agana, Guam 96910
   Telephone: (671) 472-7332
5  Telecopier: (671) 472-7334

6  Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

FEB 2 2 2008 d/b

JEANNE G. QUINATA
Clerk of Court

7

8           IN THE UNITED STATES DISTRICT COURT

9               FOR THE DISTRICT OF GUAM

10

11  UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO. 08-00017
12                  Plaintiff,       )
13          vs.                      )    **PLEA AGREEMENT**
14                                   )
15  BIHNO M. TANAKA,                 )
16                  Defendant.       )
                                     )
17

18       Pursuant to Rule 11(c)(1)(B), the United States and the defendant, BIHNO M. TANAKA,

19  enter into the following plea agreement:

20       1. The defendant agrees to waive indictment and enter a guilty plea to an Information

21  charging him with Aiding and Assisting in the Filing of False and Fraudulent Federal Income

22  Tax Returns in violation of Title 26, United States Code, Section 7206(2).

23       2. The defendant, BIHNO M. TANAKA, further agrees to fully and truthfully cooperate

24  with Federal law enforcement agents concerning their investigation of tax fraud and related

25  unlawful activities, including the disposition of profits from and assets relating to such activities.

26  He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings

27  against any co-conspirators if called upon to do so for the United States, subject to prosecution

28                                   - 1 -

1 for perjury for not testifying truthfully. The United States will make this cooperation known to
2 the Court prior to the defendant's sentencing. The defendant further understands that he remains
3 liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does
4 not fully advise the United States, or for any material omissions in this regard. In return for this
5 cooperation, the United States agrees not to prosecute defendant in the District of Guam or the
6 Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses
7 which he reveals to Federal authorities.

8 3. The defendant, BIHNO M. TANAKA, understands and agrees that any and all assets
9 or portions thereof acquired or obtained by him as a direct or indirect result of his illegal activity
10 shall be surrendered to the United States or any lawful agency as may be directed by the Court.
11 The assets to be surrendered include, but are not limited to, cash, stocks, bonds, certificates of
12 deposit, personal property and real property.

13 4. The defendant, BIHNO M. TANAKA, further agrees to submit to a polygraph
14 examination by any qualified Federal polygraph examiner if called upon to do so by the
15 government. The defendant understands that such polygraph examinations may include, but will
16 not be limited to, his knowledge of or involvement in tax fraud and unlawful related activities,
17 his knowledge of others' involvement in such activities, and the identification of any and all
18 assets and conveyances acquired in whole or in part by the defendant or others through such
19 unlawful activities or the use of such assets or conveyances to further such unlawful activities.
20 Defendant understands that the government will rely on the polygraph in assessing whether he
21 has been fully truthful.

22 5. The defendant, BIHNO M. TANAKA, understands that the maximum sentence for
23 aiding and assisting in the filing of false and fraudulent federal income tax returns is three (3)
24 years imprisonment, a $ 250,000 fine, and a $100 special assessment fee. Any sentence imposed
25 shall include a term of supervised release of not more than one (1) year in addition to such terms
26 of imprisonment as well as such restitution as the court may order. If he violates a condition of
27 supervised release at any time prior to the expiration of such term, the court may revoke the term

28

- 2 -

of supervised release, thereby resulting in the additional incarceration of defendant for not more than one (1) year.

The total special assessment fee of $100.00 must be paid immediately upon sentencing. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt. If defendant cooperates as set forth in Paragraphs 2, 3, and 4, the government will recommend that defendant receive the minimum term of incarceration legally available under the applicable statutes and Sentencing Guidelines. If defendant does not fully cooperate as set forth in Paragraphs 2, 3, and 4, the government will recommend a sentence of incarceration within the applicable statutes and Guidelines range it may deem appropriate.

6. If defendant provides full, truthful, and substantial assistance to investigating federal agencies, the government will move the Court, as provided by Section 5K1.1, United States Sentencing Guidelines, hereinafter USSG, and 18 U.S.C. Section 3553(e), for a downward departure from the Guidelines sentence. Defendant understands the following:

(a) At or before the time of sentencing, the United States will advise the Court of any assistance provided by defendant in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney.

(b) It is understood and agreed that a motion for departure shall not be made, under any circumstances, unless defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

(c) The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U.S. Attorney, defendant has provided "substantial assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

- 3 -

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and,

(5) the timeliness of any assistance provided by defendant.

(d) It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

7. The defendant understands that to establish a violation of conspiracy to aid and assist in the filing of false and fraudulent federal income tax returns, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about February 1, 2007, and ending on or about April 30, 2007, the defendant aided, assisted, procured, counseled or advised the preparation or presentation in connection with any matter arising under the internal revenue laws, of a return or claim;

Second, the return or claim was false or fraudulent as to a material matter; and

Third, the defendant acted willfully.

8. The defendant understands that the United States Probation Office will calculate a "sentencing range" within the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to § 1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level:

a. The defendant was born in 1964, and is a citizen of the Federated States of Micronesia.

b. If the defendant cooperates with the United States by providing information

- 4 -

concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, such information should not be used in determining the applicable guidelines range.

      c.    Beginning February 1, 2007 and continuing until April 30, 2007, the defendant knowingly and willfully assisted other individuals to prepare and present for filing to the U.S. Internal Revenue Service ("IRS") false, fictitious, and fraudulent federal income tax returns on behalf of taxpayers who were residents of the Territory of Guam in order to obtain fraudulent tax refunds on their behalf. The defendant knew that residents of Guam who earned income on Guam were required to file their income tax returns with the Government of Guam Department of Revenue and Taxation

      During said time frame the defendant filed and caused to be filed with the IRS, by electronic means, approximately 218 U.S. Individual and Joint Federal Income Tax Returns (Forms 1040 and Forms 1040A) for calendar year 2006 which contained false and fictitious information. Most of the returns claimed the Earned Income Credit (EIC), a subsidy for low-income families, which falsely inflated the amount of the tax refunds. Most of the returns also used false mainland U.S. addresses to appear eligible for the EIC and income tax refunds. The defendant knew that none of the returns actually entitled any of the Guam resident taxpayers to claim EIC and receive a federal tax refund from the IRS.

      For example, sometime during February 2007 and March 2007, the defendant prepared and caused to be electronically filed with the IRS several false, fictitious, and fraudulent 2006 tax returns, including but not limited to: (1) a Form1040 in the name of - E.A. - containing a false refund claim of $8,143; (2) a Form 1040 in the name of - M.W.S. - containing a false refund claim of $4,047; (3) a Form 1040 in the name of - M.A. - containing a false refund claim of $3,220; and (4) a Form 1040 in the name of - J.K.S. and B.S. - containing a false refund claim of $6,579.

- 5 -

In total, the defendant was responsible for the submission of fraudulent tax returns to the IRS seeking approximately $756,312.00 in federal income tax refunds. In exchange for his participation in the tax fraud scheme, the defendant charged and received fees from each Guam resident taxpayer ranging from $0 - $500 per false tax return.

d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

9. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise.

10. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

- 6 -

11. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence actually imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

12. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendation of the government or his counsel;

- 7 -

f. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

g. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

h. That he has read this agreement, and he fully understands it;

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 2|21|2008

BIHNO M. TANAKA
Defendant

DATED: 2/21/08

JOHN T. GORMAN
Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/21/08          By:

MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 2/21/08

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 8 -